PAUTUCKET HAIRCLOTH CO. (STAFFORD v.). See Case No. 13,275.

---

## Case No. 10,850.

### The PAVONIA.

[5 Ben. 279.] 1

District Court, E. D. New York. July, 1871.

COLLISION IN HUDSON RIVER — STEAMBOAT AND SLOOP—LOOKOUT—LIGHT.

A sloop and a ferry-boat came in collision at night in the Hudson river. The ferry-boat had no lookout forward of her pilot-house, and the red light of the sloop, which was the one which should have been visible to the ferry-boat, was out. *Held*, that both vessels were in fault, and the damages must be apportioned.

This was a libel by the Newark Lime and Cement Manufacturing Co., owners of the sloop Arsenal, to recover for the loss of the sloop, which was sunk in consequence of a collision with the ferry-boat Pavonia, which was on a trip from New York to Hoboken, on the night of December 2d, 1869. The ferry-boat had a pilot in her forward pilot-house, and with him another man, whose duty was to be lookout, but who was assisting the pilot to steer. The sloop, which was coming down the river, showed no light.

C. Donohue, for libellant.

R. D. Benedict and D. Field, for respondents.

BENEDICT, District Judge. I am of the opinion that the damages arising out of the collision in the pleadings mentioned must be apportioned.

There was clear fault on both vessels. The fault of the ferry-boat was in running in a dark night without a lookout. The man, whose duty it was to be at the forward part of the boat, and engaged exclusively in looking out, had been called up into the pilot-house, and was engaged in assisting the pilot to steer. The absence of this man from his post was a fault which must render the ferry-boat liable.

I notice in this connection a bit of evidence worthy of mention, as showing the correctness of the rule, which declares that in ordinary cases the pilot-house is not the proper place for a lookout. In this case it is proved that when the pilot first surmised the proximity of the sloop, he told the man, whom he had called into the pilot-house, to go out of, and forward of the pilot-house, to see what it was, and the man went. The action shows

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the opinion of this pilot that the pilot-house is not the best place to see, at the earliest moment, a vessel approaching in the dark.

But the sloop was also in fault, for her red light was out. There is much contradictory evidence on this question of fact, but the weight of evidence appears to me to show the absence of the red light. Such an omission is sufficient to render the sloop liable.

Both vessels being in fault, the decree must be that the damages be apportioned.

The question of costs is reserved until the coming in of the commissioner's report.